THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MICHAEL L. VICKERS, *et al.* | § | |
| Plaintiffs | § | |
| | § | |
| v. | § | Civil Action No. 2:24-cv-00169 |
| | § | |
| Joseph R. Biden, JR., *et al.* | § | |
| Defendants | § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**

Pursuant to this Court's Order for Conference and Disclosure of Interested Parties (ECF No. 4), the Parties submit their joint discovery/case management plan.

**1.    State when the Rule 26 Conference of the parties was held and identify the counsel who attended for each party.**

The parties met and conferred regarding the enumerated items contained in the Court's Order on September 23, 2024.  Joseph Darrow and Erika Norman of the United States Department of Justice were present for Defendants.[1]  Christopher Hajec and Matt Crapo were present for Plaintiffs.

**2.    List any cases related to the present action that are pending in any state or federal court, with the style, case number, court, and a brief description of the case.**

*Massachusetts Coalition for Immigration Reform v. U.S. Dep't of Homeland Security*, No. 1:20-cv-03438-TNM, (D.D.C.) ("*MCIR*"):  Six individual Plaintiffs and one organizational Plaintiff sued the Department of Homeland Security ("DHS"), the Department of Justice, and the Department of State ("Defendants") alleging that various immigration decisions required analysis under the

---

[1] Because this is an action for review of an agency action on an administrative record under Federal Rule of Civil Procedure 26(a)(1)(b)(i), Defendants respectfully submit that a Rule 26(f) conference and report are not required under the federal rules.  Defendants have nevertheless met and conferred with Plaintiffs and submit this joint report addressing the items enumerated in the Court's Order.

National Environmental Policy Act ("NEPA"). With two exceptions, the Court dismissed the claims of all Plaintiffs for lack of standing. The court held an evidentiary hearing in July 2024 regarding whether the two remaining individual Plaintiffs had standing to challenge (1) suspension of further construction of a border wall along the Southwestern border and (2) termination of the Migrant Protection Protocols (MPP), which are two of the agency actions challenged in this case. The court took the matter under advisement and a decision has not yet been issued. Counsel for Plaintiffs in this case, the Immigration Reform Law Institute, was amicus curiae in the *MCIR* case.

*Texas v. Biden*, No. 2:21-cv-67 (N.D. Tex.), *on remand from Biden v. Texas*, 597 U.S. 785 (2022): Texas and Missouri seek vacatur of the memorandum terminating MPP. The Supreme Court reversed the district court and Fifth Circuit's determination that the initial MPP termination memorandum was unlawful and remanded the case for consideration of the agency's subsequent termination memorandum following vacatur. The district court has postponed the effective date of the MPP termination memorandum and cross-motions for summary judgment remain pending before the district court.

*Texas v. DHS*, No. 24-40160 (5th Cir.), appeal from 2024 U.S. Dist. LEXIS 40790 (S.D. Tex. Mar. 8, 2024): Texas and other States challenged the CHNV parole program. The district court ruled that the States failed to establish standing because the number of CHNV aliens released into the country decreased immediately following the implementation of the CHNV parole program. The States' appeal to the Fifth Circuit remains pending.

*Indiana v. Mayorkas*, No. 1:23-cv-106 (D.N.D.): Indiana and several other States challenged the Circumvention of Lawful Pathways rule arguing that an exception to that rule relied upon an unlawful exercise of the agency's parole authority (for aliens who scheduled an appointment at a port of entry with the CBP One app). A motion to dismiss remains pending before the district court.

*Texas v. Mayorkas*, No. 24-50717 (5th Cir.), appeal docketed Sept. 13, 2024, from amended

memorandum and order granting motion to dismiss in No. 2:23-cv-24 (W.D. Tex. Aug. 5, 2024): Texas challenged the Circumvention of Lawful Pathways rule arguing that an exception to that rule relied upon an unlawful exercise of the agency's parole authority (for aliens who scheduled an appointment at a port of entry with the CBP One app). Texas asked the district court to vacate the Rule's exception for CBP One app users, enjoin its enforcement, and declare the agency's actions unlawful. The district court dismissed the case for lack of standing because it concluded that Texas failed to allege a cognizable injury. Texas's appeal is pending.

*General Land Office of Texas v. Biden*, No. 7:21-cv-272 (S.D. Tex.): Plaintiffs challenged the reallocation of border construction funds, and the district court issued final judgment and a permanent injunction enjoining the agency from using funds appropriated for construction of physical barriers for other purposes. Dkt. 208. Several unsuccessful intervenors have filed an appeal from the district court's order denying intervention. *See*, *e.g.*, No. 24-40447 (5th Cir.)).

*Florida v. United State*, Nos. 23-11528, 23-11644 (11th Cir.), appeal pending from 660 F. Supp. 3d 1239 (N.D. Fla. 2023) (vacating Parole+ATD), and *Florida v. Mayorkas*, No. 3:23-cv-9962 (N.D. Fla. May 16, 2023) (preliminarily enjoining parole with conditions process).

**3.     Briefly describe the pertinent facts and legal theories upon which the present action is based.**

    <u>Plaintiffs' Position:</u>  Plaintiffs maintain that the various policies adopted by the Biden-Harris administration and identified in the complaint are calculated to result in the opposite of the purposes of Congress in enacting the immigration laws and therefore constitute a failure to Take Care that the laws are faithfully executed. Further, the termination of the MPP, cessation of border wall construction, adoption of the enforcement guidelines, and implementation of the various parole policies such as the FRP Process, CBP One app, and CHNV Parole program are contrary to law and violate the APA. Finally, Plaintiffs maintain that each of the challenged agency actions was adopted

in violation of the National Environmental Policy Act (NEPA) because Defendants failed to assess the environmental impact of each of these major federal actions.

Defendants' Position: Defendants' position is that this action seeks judicial review of purported agency decisions, which are resolved on an administrative record. That Plaintiffs also allege claims under the Take Care Clause and ultra vires theory does not bring this case outside the confines of the APA record rule. Those alleged decisions include suspending further construction of a border wall along the Southwestern border; terminating MPP; issuing "Guidelines for the Enforcement of Civil Immigration Law"; creating two parole programs; and allowing use of the CBP One mobile application. Plaintiffs can only challenge final agency actions under the APA and to the extent they have done so the pertinent facts will be contained in the administrative record(s) for the decisions. Here, Plaintiffs amalgamate and attempt to challenge a number of disparate agency actions that all have different administrative records.

Defendants maintain that Plaintiffs lack Article III standing to challenge the identified actions, cannot obtain APA review of those challenges, and all of their claims fail on the merits. The agency acted in accordance with law under the Immigration and Nationality Act (INA), NEPA and APA, and U.S. Constitution. Further, the Take Care Clause does not provide a cognizable cause of action.

**4.    Specify the allegation of federal jurisdiction. Indicate whether the parties agree or disagree with the allegation. If the parties disagree, indicate the nature of the disagreement.**

Plaintiffs' Position: Plaintiffs maintain that this Court has federal question jurisdiction and that the statutory jurisdiction bar at 8 U.S.C. § 1252(a)(2)(B)(ii) does not apply to programmatic challenges raised here. Plaintiffs further maintain that they possess standing to raise the claims set forth in the complaint and that this Court therefore has jurisdiction to consider Plaintiffs' claims.

Defendants' Position: Defendants' position is that the Court does not have jurisdiction over this action, because Plaintiffs lack Article III standing and/or statutory standing to bring their claims, and 8 U.S.C. § 1252(a)(2)(B)(ii) bars jurisdiction over Plaintiffs' challenges to Defendants' use of the parole authority. Defendants further maintain that to the extent Plaintiffs assert a broad, programmatic challenge the APA does not permit such a claim where the agency has not itself proposed a programmatic action, nor does the APA permit Plaintiffs to amalgamate different agency policies into an agency action challengeable under the APA.

**5.      List any additional parties who may be included, when they can be added, and which party desires to bring them into the litigation. In diversity jurisdiction cases, this item is intended to trigger the disclosure requirement of TEX. CIV. PRAC. & REM. CODE § 33.004(d) and TEX. R. CIV. P. 194.2(b).**

Both parties are unaware of any additional parties.

**6.      List any anticipated interventions.**

Neither party is aware of any anticipated interventions.

**7.      If this is a class action, describe any issues regarding certification of the class.**

The Parties agree this matter is not a class action.

**8.      State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

The Parties agree that because Plaintiffs challenge agency actions under the APA, such claims are exempt from the requirement to provide initial disclosures.  Fed. R. Civ. P. 26(a)(1)(B)(i). The Parties further stipulate to stay all case deadlines pending resolution of any forthcoming motions to dismiss or for a preliminary injunction.

**9.      Describe the proposed discovery plan the parties have agreed upon, including:**

5

A.      Responses to all the matters raised in Rule 26(f).

B.      When and to whom Plaintiff(s) anticipate(s) sending interrogatories.

C.      When and to whom Defendant(s) anticipate(s) sending interrogatories.

D.      When and from whom Plaintiff(s) anticipate(s) taking oral depositions.

E.      When and from whom Defendant(s) anticipate(s) taking oral depositions.

F.      When Plaintiff(s) (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

G.      List expert depositions Plaintiff(s) (or the party or parties with the burden of proof on an issue) anticipate(s) taking and their anticipated completion date.

H.      List expert depositions the opposing party or parties anticipate(s) taking and their anticipated completion date.

The Parties agree that if Plaintiffs are found to have standing, their claims are to be reviewed under the scope and standards for judicial review set forth in the APA and that under the APA, the "focal point for judicial review" is the "administrative record already in existence, not some new record made initially in the reviewing court." *Camp v. Pitts*, 411 U.S. 138, 142 (1973).  Accordingly, the Parties agree that discovery on the merits of Plaintiffs' claims is not appropriate at this time and stipulate to stay all case deadlines pending resolution of any motions to dismiss or for a preliminary injunction.

Although neither Party anticipates propounding discovery at this time and stipulate to a stay of all pending case deadlines, Defendants may later need to seek limited jurisdictional discovery related to Plaintiffs' standing to sue. If Defendants determine limited jurisdictional discovery is needed, Defendants will meet and confer with Plaintiffs and file a jurisdictional discovery plan with

the Court stating the parties' positions.

**10.     If the parties do not agree on a part of the discovery plan, describe the separate views and proposals of each party.**

A discovery plan is not needed currently (*see* response to #9, above).

**11.     Specify the discovery, beyond initial disclosures, that has been undertaken to date.**

No discovery has been undertaken to date (*see* response to #9, above).

**12.     State the date the planned discovery can reasonably be completed.**

Discovery deadlines are not needed currently (*see* response to #9, above).

**13.     Describe the possibilities for a prompt settlement or resolution of the case that were discussed in the Rule 26 Conference, including the suitability of this case for mediation or other alternative dispute resolution. Include the anticipated date for the provision of a settlement demand by any party seeking affirmative relief.**

The Parties do not anticipate a prompt settlement or resolution is possible and do not believe this case is suitable for mediation or other ADR.  The Parties will alert the Court if the prospect of settlement changes.

**14.     If all parties consent, a Federal Magistrate Judge may hear both jury and non-jury trials.  Indicate whether or not all parties consent to a trial before a Magistrate Judge.**

All parties do not consent to a Magistrate Judge.

**15.     State whether a jury demand has been made, and if so, whether it was made on time.**

No jury trial has been requested.

**16.     Specify the combined total number of hours it will take both parties to present the evidence in this case.**

The Defendants maintain that the case can be decided on the administrative record and that the Parties can present their evidence to the Court through cross-motions for summary judgment and

oral argument, if the Court receives oral argument. Plaintiffs estimate that any trial of extra-administrative-record evidence under the Take Care Clause may take up to 40 hours to present. Defendants maintain that the Take Care Clause does not provide a cognizable cause of action and, even if it did, such claim would still be confined to determination upon the sole basis of the administrative record.

**17.    List pending motions that could be ruled on at the Initial Pretrial Conference.**

There are no motions pending before the Court to be ruled on at the Initial Pretrial Conference.

**18.    List other pending motions.**

There are no pending motions.

**19.    Indicate other matters peculiar to this case—including discovery—that deserve the special attention of the Court at the Initial Pretrial Conference.**

There are none.

**20.    Certify that all parties have filed Certificates of Interested Parties—as directed in the Order of Conference and Disclosure of Interested Parties—listing the date of filing for the originals and any amendments to the Certificates.**

Plaintiffs filed a Certificate of Interested Parties on August 20, 2024.

Defendants have not filed any Certificates, because Federal Rule of Civil Procedure 7.1 does not require the Government to do so.

**21.    List the names, bar numbers, addresses, telephone numbers, facsimile numbers, and electronic mail addresses of all counsel and pro se parties.**

The required information for counsel is included in the signature block below.

Dated: September 26, 2024                    Respectfully submitted,

                                             BRIAN M. BOYNTON
                                             *Principal Deputy Assistant Attorney General*
                                             Civil Division

                                             WILLIAM C. PEACHEY
                                             *Director*
                                             Office of Immigration Litigation - DCS

                                             EREZ REUVENI
                                             *Senior Counsel*

                                             BRIAN C. WARD
                                             *Senior Litigation Counsel*

                                             TODD KIM
                                             *Assistant Attorney General*
                                             Environment and Natural Resources Division

                                             BY: /s/ *Joseph A. Darrow*
                                              JOSEPH A. DARROW
                                              *Trial Attorney*
                                              U.S. Department of Justice
                                              Office of Immigration Litigation-DCS
                                              P.O. Box 868, Ben Franklin Station
                                              Washington, DC 20044
                                              Tel.: (202) 598-7537
                                              Joseph.a.darrow@usdoj.gov

                                                  Erika Norman (CA Bar #268425)
                                                  Senior Trial Attorney
                                                  Natural Resources Section
                                                  U.S. Department of Justice
                                                  150 M. St., NE
                                                  Washington, D.C. 20002
                                                  Tel: 202-305-0475
                                                  Fax: 202-514-8865
                                                  Email: Erika.Norman@usdoj.gov

                                                  Counsel for Defendants

9

/s/ Christopher Hajec
CHRISTOPHER J. HAJEC
D.C. Bar No. 492551
Direct Tel: (540) 205-7986
Email: chajec@irli.org

MATT A. CRAPO
D.C. Bar No. 473355
Direct Tel: (202) 742-1849
Email: mcrapo@irli.org

Immigration Reform Law Institute
25 Massachusetts Ave., NW, Suite 335
Washington, D.C. 20001
Main Tel: (202) 232-5590
Fax: (202) 464-3590

Counsel for Plaintiffs

**CERTIFICATE OF SERVICE**

I certify that on September 26, 2024, a true and correct copy of the foregoing was filed with the Court's CM/ECF system, which provides service to all parties.

*/s/ Joseph A. Darrow*
JOSEPH A. DARROW
U.S. Department of Justice