THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| Michael Louis Vickers, et al, | § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO: 2:24-cv-00169 |
| Joseph R. Biden, Jr., et al., | § § | |
| Defendants. | § § | |

**OPPOSED MOTION TO STAY THE CASE OR AT A MINIMUM STAY BRIEFING OF PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION PENDING COMPLETION OF JURISDICTIONAL DISCOVERY**

Defendants respectfully move the Court to stay this case, or alternatively, to postpone briefing of Plaintiffs' motion for a preliminary injunction pending completion of jurisdictional discovery. Plaintiffs propose staying all case deadlines except for the briefing and adjudication of their motion for a preliminary injunction, and plan to file a response to this motion.

In this case, Plaintiffs challenge several of Defendants' immigration policies and actions pursuant to the Take Care Clause of the U.S. Constitution, the Administrative Procedure Act, and the National Environmental Policy Act, including: Defendants' Guidelines for the Enforcement of Civil Immigration Law, diversion of some funding from the border wall initiative, termination of the Migrant Protection Protocols, the CHNV parole processes, the Family Reunification Parole processes for Colombians, Hondurans, Guatemalans, and Salvadorans, and use of the CBP One App for scheduling an appointment to present at a port of entry. ECF No. 1. All of these policies and processes were implemented and/or actions were taken by Defendants over a year ago—between January 2021 and October 2023. *See generally id.*

On July 31, 2024, Plaintiffs filed this suit, years after many of these actions were taken. *Id.* Defendants' deadline to answer or otherwise respond to the Complaint is December 16, 2024. ECF

No. 21. The Court had extended this deadline to permit the parties to conduct jurisdictional discovery. *See id.* At the Initial Scheduling Conference on October 15, 2024, the Court ordered the parties to meet and confer on discovery pertaining to Plaintiffs' standing, and exchange such discovery and incorporate evidence adduced in this manner into the parties' jurisdictional arguments in responding to Defendants' Rule 12(b) motion. Accordingly, on October 28, 2024, Defendants served Interrogatories, Requests for Production, and Requests for Admission on Plaintiffs. Plaintiffs have until December 2, 2024, to respond pursuant to the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A). Further, Defendants have noticed Plaintiffs Michael Vickers, Brad Coe, Kinney County, and Atascosa County for depositions on December 3, 5, 6, and 9, 2024, respectively.

On November 14, 2024, Plaintiffs filed a motion for a preliminary injunction, seeking immediate relief against the amalgam of agency actions they challenge, all of which have been in place for at least a year and some up to three years. ECF No. 25. In order to attempt to establish that they suffer harm from the challenged actions taken the by government, Plaintiffs rely on a declaration from former U.S. Immigration and Customs Enforcement Acting Director Thomas Homan. ECF No. 25-1. This declaration has not yet been the subject of discovery. Pursuant to the Local Rule 7.4, the government's response to the motion for a preliminary injunction is due December 5, 2024.

These circumstances warrant a stay of proceedings. The "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 254-55; *see In re Ramu Corporation*, 903 F.2d 312, 318 (5th Cir. 1990) (noting that a district court ordinarily has "wide discretion" to

grant "[t]he stay of a pending matter"). Courts in the Fifth Circuit routinely stay cases or postpone ruling on preliminary injunction motions to permit the parties the opportunity to first fully conduct jurisdictional discovery. *See, e.g.*, *Arizona v. Garland*, No. 6:22-CV-01130, 2024 WL 1645417, at *3-4 & n.9 (W.D. La. Apr. 16, 2024) (noting court had stayed case to permit jurisdictional discovery after plaintiffs had filed a motion for preliminary injunction, which they subsequently withdrew); *Exxon Mobil Corp. v. Healey*, 215 F. Supp. 3d 520, 522 (N.D. Tex. 2016) (postponing adjudication of preliminary injunction motion to allow for jurisdictional discovery); *Texas v. Biden*, No. 3:22-cv-00780 (N.D. Tex.), ECF No. 50 (staying case to permit jurisdictional discovery); *Texas v. U.S. DHS*, No. 6:23-cv-00007 (S.D. Tex.), ECF No. 126 & April 25, 2023 Minute Entry (providing for jurisdictional discovery period prior to adjudicating preliminary injunction motion).

Here, the balance of interests and principles of judicial economy indicate that this case should be stayed. It would be a waste of the courts' time and resources and would risk the possibility of an improper advisory opinion, to adjudicate challenges to agency actions before Plaintiffs' standing has been established. *See Exxon Mobil Corp. v. Arjuna Cap.*, LLC, No. 4:24-CV-00069-P, 2024 WL 2331803, at *3 (N.D. Tex. May 22, 2024) (citing *Franciscan Alliance, Inc. v. Becerra*, 47 F.4th 368, 376 (5th Cir. 2022)). At the least, this case should be stayed until Defendants have had sufficient time to complete jurisdictional discovery. This would give the Court the benefit of a full factual record, including as it relates to the Plaintiffs' standing, before it renders a decision on the motion. *See, e.g.*, *Munaf v. Geren*, 553 U.S. 674, 690 (2008) ("A difficult question as to jurisdiction . . . makes such success [on the merits] more *unlikely* due to potential impediments to even reaching the merits."). Critically, Plaintiffs would not be prejudiced by a brief delay of matters until the Court's jurisdiction can be determined.  The actions they challenge were all in place for one or more years before they sought preliminary injunctive relief. "Delay in seeking a remedy is an important factor bearing on the need for a preliminary injunction. *Rimkus Consulting Grp., Inc. v. Cammarata*, 255

F.R.D. 417, 438 (S.D. Tex. 2008) (quoting *Gonannies, Inc. v. Goupair.Com, Inc.*, 464 F. Supp. 2d 603, 609 (N.D. Tex. 2006)). "Absent a good explanation, a substantial period of delay militates against the issuance of a preliminary injunction by demonstrating that there is no apparent urgency to the request for injunctive relief." *Id.* Plaintiffs offer no "good explanation" for why they delayed in some cases years before bringing suit, and months before seeking injunctive relief once suit had been filed, if the injuries they allege required "urgen[t]" redress. *See id.;* ECF No. 25 at 28-31 (claiming alleged irreparable harms started as early as January 2021 but offering no explanation for the delay in filing suit or seeking preliminary injunctive relief once suit had been filed). Further, it would be more efficient to adjudicate standing all at once, in response to a motion to dismiss following completion of jurisdictional discovery, once the requested stay is lifted.

In contrast, Defendants would be prejudiced by moving forward with this case. Defendants must be permitted to complete jurisdictional discovery and present their complete argument for why Plaintiffs lack standing. *See Maupin v. Yamamoto*, No. CIV.A. 3:97CV00038, 2000 WL 1861830, at *3 (W.D. Va. Dec. 19, 2000) (recognizing that defendants could be prejudiced if they "ha[d] to defend this suit on the merits" and "incur[] the costs of litigating the merits of the action" when the court had lacked jurisdiction to adjudicate the merits). After all, the parties will require the full benefit of discovery in order to meet the requisite heightened evidentiary standard for judging standing in this posture. *See Food & Water Watch, Inc. v. Vilsack*, 808 F.3d 905, 912 (D.C. Cir. 2015) (explaining that "Plaintiffs' standing to bring their claims" for purposes of adjudicating entitlement to a preliminary injunction was appropriately judged "under the heightened standard for evaluating a motion for summary judgment"). This is especially the case because Plaintiffs presumptively lack standing to challenge these actions under Supreme Court precedent. *United States v. Texas*, 599 U.S. 670 (2023) (denying state standing to challenge Civil Enforcement Priorities memorandum Plaintiffs challenge here on the basis that third parties lack a cognizable interest in suing to obtain immigration

enforcement against others); *see Texas v. U.S. DHS*, 722 F. Supp. 3d 688 (S.D. Tex. 2024) (rejecting Texas's standing to sue over the CHNV parole processes). Indeed, a court in this district already rejected a challenge by Plaintiffs Coe and Kinney County to the Civil Enforcement Priorities memorandum in light of the *United States v. Texas* decision. *Coe v. Biden*, No. 3:21-cv-00168 (S.D. Tex. Jan. 29, 2024), ECF No. 110.

Further undercutting the need for preliminary relief is the facial unlikelihood of success on the merits of Plaintiffs' motion, given that they only move on their Take Care Clause claim. ECF No. 25 at 3. No court has ever found that the Take Care Clause provides a private right of action. *See Brnovich v. Biden*, 630 F. Supp. 3d 1157, 1178 (D. Ariz. 2022); *Las Americas Immigrant Adv. Ctr. v. Biden*, 571 F. Supp. 3d 1173, 1180 (D. Or. 2021) (collecting cases); *Florida v. United States*, 660 F. Supp. 3d 1239, 1283 (N.D. Fla. 2023) ("[I]t is unclear whether there is even a private cause of action under the Take Care Clause.").

Further, the purpose of a preliminary injunction "is to preserve the status quo, prevent irreparable injury to the parties, and 'preserve the court's ability to render a meaningful decision' after a trial on the merits." *Texas First Nat. Bank v. Wu*, 347 F. Supp. 2d 389, 397 (S.D. Tex. 2004) (quoting *Meis v. Sanitas Serv. Corp.*, 511 F.2d 655, 656 (5th Cir. 1975)). However, the currently existing status quo is that the immigration policies Plaintiffs challenge are and have long been in effect, and Plaintiffs' unexplained extreme delay undercuts any assertion of irreparable injury in the near term. Thus, adjudicating the preliminary injunction motion in these circumstances would serve none of the purposes for which preliminary injunctive relief is made available.

Finally, if the Court is inclined to deny Defendants' request to stay the case entirely, at the very least, the Court should defer briefing on the preliminary injunction until Defendants can complete jurisdictional discovery and provide the Court with a complete record for determining

whether Plaintiffs have established Article III injury from the actions they challenge. Defendants disagree with Plaintiffs' proposal to stay everything else but proceed with briefing of the preliminary injunction on the current schedule. Defendants would propose proceeding with all other case deadlines while providing Defendants sufficient time to complete jurisdictional discovery before resolving the motion for a preliminary injunction or requiring Defendants' response to the Complaint. Defendants will be severely prejudiced if they are unable to take the depositions of Plaintiffs and their witnesses and probe the untested allegations they make concerning injury. On the other hand, in light of their unexplained delay in seeking preliminary injunctive relief, Plaintiffs have no plausible reason for claiming injury from a brief delay of adjudication of their motion to permit the Court to conclusively determine whether it has jurisdiction over their claims at all. As explained, their unexplained delay in seeking preliminary injunctive relief counsels against finding any irreparable injury, let alone one from an extended briefing schedule. *See Rimkus Consulting Grp.*, 255 F.R.D. at 438; *Gonannies*, 464 F. Supp. 2d at 609.

## CONCLUSION

For the foregoing reasons, the Court should stay this case, or at a minimum, stay Defendants' deadline to respond to the preliminary injunction to permit them to complete jurisdictional discovery. The parties will file a joint report on December 13, 2024, apprising the Court of the status of discovery and propose a schedule for the remaining briefing.

Dated: November 20, 2024          Respectfully submitted,

BRIAN M. BOYNTON
*Principal Deputy Assistant Attorney General*

EREZ REUVENI
*Assistant Director*

ALEXANDER J. HALASKA
*Senior Litigation Counsel*

/s/ *Joseph A. Darrow*
JOSEPH A. DARROW
ERIN T. RYAN
ELISSA P. FUDIM
CAROLINE T. MCGUIRE
*Trial Attorney*
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel.: (202) 598-7537
Joseph.a.darrow@usdoj.gov

TODD KIM
*Assistant Attorney General*
United States Department of Justice
Environment & Natural Resources Division

ERIKA NORMAN
*Senior Trial Attorney*
Natural Resources Section
150 M Street NE
Washington, DC 20002
Tel: (202) 305-0475
Fax: (202) 305-0506
email: erika.norman@usdoj.gov

ALAMDAR S. HAMDANI
United States Attorney
Southern District of Texas

7

ALYSSA IGLESIAS
Assistant United States Attorney
Southern District of Texas No.: 3610302
1701 W. Bus. Highway 83, Suite 600
McAllen, TX 78501
Telephone: (956) 618-8010
Facsimile: (956) 618-8016
E-mail: Alyssa.Iglesias@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I, Joseph A. Darrow, do hereby certify that on November 20, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/ Joseph A. Darrow*
JOSEPH A. DARROW
U.S. Department of Justice