IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MICHAEL L. VICKERS, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>JOSEPH R. BIDEN, JR., President, in his official capacity, *et al.*,<br><br>Defendants. | Civil Action No. 2:24-cv-00169 |

**Plaintiffs' Response to Defendants' Motion to Stay**

Plaintiffs oppose Defendants' motion to stay in part. Except when it comes to the outstanding briefing deadlines with respect to Plaintiffs' motion for preliminary injunction, Plaintiffs agree with Defendants that this case should be stayed, until at least January 20, 2025.

Since the scheduling conference with this Court, the election has taken place, and, because of its result, there is now a high chance that this case will become moot on January 20, 2025, or soon thereafter. Briefing on an anticipated motion to dismiss, even assuming it is not delayed by extensions of jurisdictional discovery deadlines, will not be completed until January 13, 2025, a week before the case will likely become moot. And this is to say nothing of any subsequent summary judgment briefing on Plaintiffs' Administrative Procedure Act and National Environmental Policy Act ("NEPA") claims.

It would be a waste of resources not to hold off on completing jurisdictional and other discovery and briefing that, by all indications, will become needless.

By contrast, briefing on Plaintiffs' motion for a preliminary injunction based on their take care claim is currently set to be completed by December 12, 2024. At that time, this portion of Plaintiffs' case will not be moot, and, in the interests of justice, it should not be stayed. Whether the challenged policies indeed end on or soon after January 20, 2025, or by some chance extend much further, there is no reason not to prevent the harm they cause while they are still in place. Indeed, it would run counter to the very purpose of preliminary injunctions—the prevention of imminent irreparable harm—not at least to hear Plaintiffs' motion. *See, e.g., Bakemark USA LLC v. Pastis*, 2024 U.S. Dist. LEXIS 33109, *12, 2024 WL 810635 (D. Ariz. Feb. 27, 2024) ("A preliminary injunction is necessary to prevent Plaintiff from suffering any further irreparable harm.").

Nor should Defendants have their response to Plaintiffs' motion extended until jurisdictional discovery is completed. Contrary to Defendants' suggestion, Stay Motion at 4-5, there is no reason in this case to change the preliminary injunction standard by requiring a more stringent standard in showing standing than establishing a substantial likelihood of success on the merits. *See Career Colls. & Sch. of Tex. v. United States Dep't of Educ.*, 98 F.4th 220, 233 (5th Cir. 2024) ("A preliminary injunction, like final relief, cannot be requested by a plaintiff who lacks standing to sue . . . . At the preliminary injunction stage, the movant must clearly show *only that each element of standing is likely to obtain in the case at hand*.") (emphasis added) (quotation omitted).

Plaintiffs have submitted with their motion sufficient evidence to gauge their

likelihood of success on the merits of their take care claim, including their likelihood of

being able to establish standing. This evidence includes detailed statements by Plaintiffs

Kinney County and Sheriff Coe about their expenses and other harm resulting from the

border surge since January 2021, and a statement by an immigration law enforcement

expert pertaining to causation and Defendants' knowledge of the likely results of their

policies. Also, Plaintiffs rely on matters of public record, such as the magnitude and

timing of the increase in unlawful entries, as shown by data provided by Defendants, to

show causation. And, certainly, jurisdictional discovery on Plaintiffs' NEPA claim, such

as discovery on the environmental damage to Plaintiff Vickers's ranch, need not be

completed before Defendants' response to Plaintiffs' motion for a preliminary injunction,

because that motion is based solely on their take care claim.

     //

     //

     //

For the foregoing reasons, Plaintiffs ask the Court to stay all discovery, the

deadline for Defendants to respond or answer the complaint, and any and all other case

deadlines other than the current briefing deadlines with respect to Plaintiffs' motion for

preliminary injunction, which should be left unaltered.

Respectfully submitted,

Date:  November 21, 2024

/s/ Christopher J. Hajec
CHRISTOPHER J. HAJEC
D.C. Bar No. 492551
*Lead Counsel*

MATT A. CRAPO
D.C. Bar No. 473355
Immigration Reform Law Institute
25 Massachusetts Ave., NW, Suite 335
Washington, D.C. 20001
(202) 232-5590
chajec@irli.org
mcrapo@irli.org

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on November 21, 2024, I filed this motion through the Court's

CM/ECF system, which served it on all counsel of record.

/s/ Christopher J. Hajec
CHRISTOPHER J. HAJEC