UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
Corpus Christi Division

Michael Louis VICKERS, *et al.*,
   *Plaintiffs*,

           v.

Joseph R. BIDEN, *et al.*,
   *Defendants*.

Civil Action No. 2:24-cv-00169

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY CASE, OR AT MINIMUM STAY BRIEFING OF PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION PENDING COMPLETION OF JURISDICTIONAL DISCOVERY**

    Defendants hereby reply in support of their Motion to Stay the Case, or At Minimum Stay Briefing of Plaintiffs' Motion for a Preliminary Injunction Pending Completion of Jurisdictional Discovery (ECF No. 27). For the reasons discussed in the Government's Motion, this Court should stay all pending case deadlines, or alternatively stay the briefing on Plaintiff's Motion for a Preliminary Injunction (ECF No. 25) pending completion of jurisdictional discovery. *See* Gov't Mot. 2–6.

    In their response, Plaintiffs say "there is now a high chance that this case will become moot on January 20, 2025, or soon thereafter." Pls.' Resp. to Defs.' Mot. to Stay 1 (ECF No. 28). Plaintiffs accordingly take the position that this Court should stay briefing on the Government's forthcoming motion to dismiss, and stay Plaintiffs' own deadlines to respond to the Government's pending discovery requests. Pls.' Resp. 1–2. However, Plaintiffs oppose a stay of the briefing schedule on their Motion for a Preliminary Injunction, because briefing on that motion will be completed by December 12, and because (Plaintiffs say) "there is no reason not to prevent the harm" caused by the Government's policies in the interim. Pls.' Resp. 2. Plaintiffs also oppose a stay of the

briefing schedule on their Motion for a Preliminary Injunction pending completion of jurisdictional discovery, because (in their estimation) they have submitted "sufficient evidence" of "their likelihood of being able to establish standing" on their Take Care Claim. *Id.* at 3.

Plaintiffs' arguments are not persuasive, and if anything, further support a stay of this case. *First*, taken on its own terms, Plaintiffs' belief that this case will become moot weighs in favor of staying *all* case deadlines, not just some of them. Plaintiffs waited years after the challenged executive actions were implemented to seek a preliminary injunction, which belies any claim of "imminent" harm, as "delay in seeking injunctive relief . . . weighs heavily against a finding of irreparable injury." *Rimkus Consulting Group, Inc. v. Cammarata*, 255 F.R.D. 417, 438 (S.D. Tex. 2008). This delay undermines their assertion that they will suffer irreparable harm in the next several weeks only. Even now, their Motion is particularly weak, as no court has ever held that the Take Care Clause provides a private right of action, let alone one sufficient to warrant a preliminary injunction *years* after the challenged programs have gone into effect. *See Brnovich v. Biden*, 630 F. Supp. 3d 1157, 1178 (D. Ariz. 2022); *Las Americas Immigrant Adv. Ctr. v. Biden*, 571 F. Supp. 3d 1173, 1180 (D. Or. 2021) (collecting cases); *Florida v. United States*, 660 F. Supp. 3d 1239, 1283 (N.D. Fla. 2023). A stay of the entire case is the prudent course, and it is well within this Court's "inherent" discretion to manage its docket. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

*Second*, Plaintiffs' self-serving assertion that they have submitted "sufficient evidence" of their Article III standing should be rejected. Pls.' Resp. 3. Every party who seeks a preliminary injunction believes it has Article III standing. But jurisdictional discovery, when ordered, is intended to test that belief. Jurisdictional discovery is particularly important in the context of a preliminary injunction, as "[a] difficult question as to jurisdiction" makes success on the merits "more *unlikely* due to potential impediments to even reaching the merits." *Munaf v. Geren*, 553 U.S. 674,

690 (2008); *see, e.g.*, *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007) ("[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction).")). The Government should not be forced to defend against the merits of Plaintiffs' Take Care claim before Plaintiffs have established their Article III standing to raise the claim in the first place. *See Maupin v. Yamamoto*, No. 97-cv-38, 2000 WL 1861830, at *3 (W.D. Va. Dec. 19, 2000) (recognizing that defendants could be prejudiced if they "ha[d] to defend this suit on the merits" and "incur[] the costs of litigating the merits of the action" when the court had lacked jurisdiction to adjudicate the merits). And the Government would be prejudiced if forced to do so without the opportunity to challenge the factual bases for Plaintiffs' claims of harm, including through paper discovery and depositions. Indeed, for that reason, courts in this circuit permit jurisdictional discovery, including before requiring the government to respond to a preliminary injunction motion, in cases in which standing will be at issue. *See, e.g.*, *Arizona v. Garland*, No. 22-cv-1130, 2024 WL 1645417, at *3–4 & n.9 (W.D. La. Apr. 16, 2024); *Exxon Mobil Corp. v. Healey*, 215 F. Supp. 3d 520, 522 (N.D. Tex. 2016); *Texas v. Biden*, No. 3:22-cv-780 (N.D. Tex.), ECF No. 50 (staying case to permit jurisdictional discovery); *Texas v. DHS*, No. 23-cv-00007 (S.D. Tex.), ECF No. 126 & April 25, 2023 Minute Entry (providing for jurisdictional discovery period prior to adjudicating preliminary injunction motion).

*Finally*, in all events, the Court should not entertain Plaintiffs' request to stay everything but the deadline for responding to their preliminary injunction. Should the Court wish to permit further briefing, it should also require Plaintiffs to respond Defendants' discovery requests, and permit the Government time to take depositions as needed, as all such discovery is directed at Plaintiffs' alleged injuries and are central to their claims of Article III standing.

3

## **CONCLUSION**

This Court should reject Plaintiffs' attempt to evade establishing Article III standing to maintain this case. The Government respectfully requests the Court stay all pending deadlines, or none of them. Alternatively, the Court should stay the Government's deadline to respond to the Motion for a Preliminary Injunction until jurisdictional discovery is complete.

//

DATED: November 21, 2024

Respectfully submitted,

BRIAN M. BOYNTON
*Principal Deputy Assistant Attorney General*

EREZ REUVENI
*Assistant Director*

ALEXANDER J. HALASKA
*Senior Litigation Counsel*

/s/ *Joseph A. Darrow*
JOSEPH A. DARROW
ERIN T. RYAN
ELISSA P. FUDIM
CAROLINE MCGUIRE
*Trial Attorneys*
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel.: (202) 598-7537
Joseph.a.darrow@usdoj.gov

TODD KIM
*Assistant Attorney General*
United States Department of Justice
Environment & Natural Resources Division

ERIKA NORMAN
*Senior Trial Attorney*
Natural Resources Section
150 M Street NE
Washington, DC 20002
Tel: (202) 305-0475
Fax: (202) 305-0506
email: erika.norman@usdoj.gov

ALAMDAR S. HAMDANI
United States Attorney
Southern District of Texas

ALYSSA IGLESIAS
Assistant United States Attorney
Southern District of Texas No.: 3610302

1701 W. Bus. Highway 83, Suite 600
McAllen, TX 78501
Telephone: (956) 618-8010
Facsimile: (956) 618-8016
E-mail: Alyssa.Iglesias@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I, Joseph A. Darrow, do hereby certify that on November 21, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/ Joseph A. Darrow*
JOSEPH A. DARROW
U.S. Department of Justice