**THE UNITED STATES DISTRICT**
**COURT SOUTHERN DISTRICT OF**
**TEXAS CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| Michael Louis Vickers, et al, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO: 2:24-cv-00169 |
| | § | |
| Joseph R. Biden, Jr., et al., | § | |
| | § | |
| Defendants. | § | |

**JOINT STATUS REPORT AND REQUEST TO PLACE CASE IN ABEYANCE**

The parties file this joint status report pursuant to the Court's Order of December 5, 2024, ECF No. 31. A number of recent executive actions have the potential to moot out the claims presented in this case, but Defendants require more time to address the programs and policies impacted and make any appropriate changes. Accordingly, the parties respectfully move the Court to place this case in abeyance for a period of 180 days.

In this case, Plaintiffs challenge several of Defendants' immigration policies and actions pursuant to the Take Care Clause of the U.S. Constitution, the Administrative Procedure Act, and the National Environmental Policy Act, including: Defendants' Guidelines for the Enforcement of Civil Immigration Law, diversion of some funding from the border wall initiative, termination of the Migrant Protection Protocols (MPP), the CHNV parole processes, the Family Reunification Parole processes for Colombians, Hondurans, Guatemalans, and Salvadorans, and use of the CBP One App for scheduling an appointment to present at a port of entry.  ECF No. 1. On November 14, 2024, Plaintiffs filed a motion for a preliminary injunction based on these claims. ECF No. 25. On December 5, 2024, at the parties' request, the Court stayed all proceedings through February

21, 2025, in order for the parties to determine whether changes in policy after January 20, 2025, would clarify or narrow the issues presented. ECF No. 31.

The parties now report that recent executive actions have resolved some of the claims present here and have the potential to address the others, but Defendants require additional time for examination of the remaining policies at issue. For example, Defendants have: ceased use of the CBP One App for scheduling appointments at the border, U.S. Customs & Border Prot., "CBP Removes Scheduling Functionality in CBP One™ App," Jan. 21, 2025, https://www.cbp.gov/newsroom/national-media-release/cbp-removes-scheduling-functionality-cbp-one-app; reimplemented the Migrant Protection Protocols, U.S. Dep't of Homeland Sec., "DHS Reinstates Migrant Protection Protocols, Allowing Officials to Return Applicants to Neighboring Countries," Jan. 21, 2025, https://www.dhs.gov/news/2025/01/21/dhs-reinstates-migrant-protection-protocols; rescinded the Guidelines for the Enforcement of Civil Immigration Law and have begun to alter guidelines concerning the use of parole under 8 U.S.C. § 1182(d)(5)(A), U.S. Dep't of Homeland Sec., "Statement from a DHS Spokesperson on Directives Expanding Law Enforcement and Ending the Abuse of Humanitarian Parole," Jan. 21, 2025, https://www.dhs.gov/news/2025/01/21/statement-dhs-spokesperson-directives-expanding-law-enforcement-and-ending-abuse. These statements follow recent Executive Orders directing that parole be exercised in accordance with the standard in 8 U.S.C. § 1182(d)(5)(A) and eliminating "categorical parole programs." *See Protecting the American People Against Invasion*, 90 Fed. Reg. 8443 (Jan. 20, 2025); *Securing Our Borders*, 90 Fed. Reg. 8467 (Jan. 20, 2025).  Defendants are still assessing the impact of these and other recent Executive Branch directives on the remaining policies challenged in this case.

Accordingly, the parties request that the Court continue its stay and place this case in abeyance for a period of 180 days, through August 20, 2025. The "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 254-55; *see In re Ramu Corporation*, 903 F.2d 312, 318 (5th Cir. 1990) (noting that a district court ordinarily has "wide discretion" to grant "[t]he stay of a pending matter").

This period of abeyance will provide Defendants with time to assess the impact of the recent Executive Orders and other directives on the policies and programs challenged in this case and would prevent the Court and parties from expending time and resources on adjudicating claims that may be substantially changed and narrowed. Such an abeyance is in line with the approach other courts have taken in cases challenging immigration policies in the process of being re-examined. *See, e.g.*, *Texas v. Biden*, No. 2:21-cv-0067 (N.D. Tex.), Order of Feb. 5, 2025, ECF No. 213 (challenge to termination of MPP placed in abeyance for 180 days).

## CONCLUSION

For the foregoing reasons, the parties respectfully request that the Court place this case in abeyance for 180 days. The parties will file a joint status report with the Court on or before August 20, 2025, advising the Court of the status of the claims and proposing a schedule for future proceedings, should any be necessary.

Dated: February 21, 2025          Respectfully submitted,

*For Plaintiffs*

/s/ Christopher J. Hajec
CHRISTOPHER J. HAJEC
D.C. Bar No. 492551
Lead Counsel

MATT A. CRAPO
D.C. Bar No. 473355
Immigration Reform Law Institute
25 Massachusetts Ave., NW, Suite 335
Washington, D.C. 20001
(202) 232-5590
chajec@irli.org
mcrapo@irli.org

Attorneys for Plaintiffs

*For Defendants*

BRETT A. SHUMATE
*Principal Deputy Assistant Attorney General*

DREW C. ENSIGN
*Deputy Assistant Attorney General*

AUGUST FLENTJE
*Acting Director*

EREZ REUVENI
*Assistant Director*

ALEXANDER J. HALASKA
*Senior Litigation Counsel*

/s/ *Joseph A. Darrow*
JOSEPH A. DARROW

ERIN T. RYAN
ELISSA P. FUDIM
CAROLINE T. MCGUIRE
*Trial Attorney*
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel.: (202) 598-7537
Joseph.a.darrow@usdoj.gov

LISA LYNNE RUSSELL
*Deputy Assistant Attorney General*
United States Department of Justice
Environment & Natural Resources Division

ERIKA NORMAN
*Senior Trial Attorney*
Natural Resources Section
150 M Street NE
Washington, DC 20002
Tel: (202) 305-0475
Fax: (202) 305-0506
email: erika.norman@usdoj.gov

NICHOLAS J. GANJEI
United States Attorney
Southern District of Texas
ALYSSA IGLESIAS
Assistant United States Attorney
Southern District of Texas No.: 3610302
1701 W. Bus. Highway 83, Suite 600
McAllen, TX 78501
Telephone: (956) 618-8010
Facsimile: (956) 618-8016
E-mail: Alyssa.Iglesias@usdoj.gov

**CERTIFICATE OF SERVICE**

I, Joseph A. Darrow, do hereby certify that on February 21, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/ Joseph A. Darrow*
JOSEPH A. DARROW
U.S. Department of Justice